IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| | |
|---|---|
| WALLACE SHANE WATTENBARGER, ) | Case No. 2:24-cv-00041 |
| ) | JURY DEMAND |
| *Plaintiff*, ) | |
| -vs- ) | Judge Waverly D. Crenshaw |
| ) | Magistrate Judge Alistair E. Newbern |
| CITY OF CROSSVILLE, TENNESSEE, ) | |
| ) | |
| *Defendant*. ) | |
| ) | |
| ) | |

**FIRST AMENDED COMPLAINT**

"It is axiomatic that the government may not regulate speech based on its substantive content or the message it conveys."

-- *Rosenberger v. Rector and Visitors of University of Virginia*, 515 U.S. 819, 828 (1995).

Comes now the Plaintiff Wallace Shane Wattenbarger, and pursuant to Rule 15 Fed.R.Civ.P., respectfully files the following First Amended Complaint.

**I.
Introduction**

1. Wallace Shane Wattenbarger brings this action against the City of Crossville, Tennessee pursuant to 42 U.S.C. § 1983, based on its policy, practice, custom and usage under color of state law of abridging and restricting the constitutionally protected rights of free speech on the public square in Crossville, Tennessee. The Plaintiff sought access to this quintessential public forum for the sole purpose of peacefully exercising his constitutionally protected right of free speech and was arrested by City of Crossville

police officers interfered with Plaintiff's access to, and forcibly removed from this public forum based on the content and viewpoints he expressed. The Plaintiff seeks compensatory damages arising out the violation of his constitutional rights, together with statutory attorney's fees and costs as provided by statute.

## II.
## Jurisdiction and Venue

2. This case arises under the Constitution of the United States. The Court has jurisdiction pursuant to 28 U.S.C. § 1331, as the case presents substantial federal questions concerning a deprivation of constitutional rights, see 42 U.S.C. § 1983, and under 28 U.S.C. § 1343, as Wallace Shane Wattenbarger challenges the Defendant's deprivation of his constitutional rights under color of state law.

3. Venue is proper in this federal district because all of the relevant facts surrounding the Defendant's constitutional violations occurred in Crossville, Tennessee.

## III.
## Parties

4. Wallace Shane Wattenbarger is an adult citizen and resident of the State of Tennessee.

5. The City of Crossville Tennessee is a local, incorporated body politic and exists under, and by virtue of, the laws of the State of Tennessee.

## IV.
## Facts

6. On June 10, 2023, the City of Crossville, Tennessee permitted a non-profit organization called Upper Cumberland Pride ("UC-Pride") to conduct a festival event on the public square in downtown Crossville, Tennessee.

7. The UC-Pride festival was open to the public and there was no admission charged for the event which lasted between noon and 4:00 p.m. on June 10, 2023.

8. The UC-Pride festival took place on the grassy areas of the courthouse grounds and city sidewalks surrounding the Cumberland County Courthouse, located on Main Street in Crossville, Tennessee.



9. UP-Pride is a Tennessee non-profit corporation that was formed on June 6, 2018. Its principal offices are located at 963 Georgetown Road, Cookeville, Tennessee 38501.

10. The festival was characterized by individuals broadly displaying signs, banners and flags which generally promoted the LGBTQ culture and lifestyle. The event had been widely publicized throughout Cumberland County, Tennessee and surrounding areas and invited public participation.

11. On June 10, 2023, Shane Wattenbarger visited the festival, driving his pickup truck connected to a horse trailer in a slow and orderly manner around the public square in downtown Crossville, Tennessee. He was accompanied by a juvenile companion who

rode in the pickup truck beside him.

12. The Plaintiff had banner affixed to the passenger side of his trailer which read: "Queers stay away from our children. You're ruining America."

13. At approximately 2:20 p.m., as Mr. Wattenbarger drove near the courthouse square, he observed a Crossville Police Officer Samantha Seay running toward the road in front of him. The Plaintiff slowed to a virtual stop to allow Officer Seay to cross the road. As he did so, he was also noticed another police officer Tyrel Lorenz following him. Mr. Wattenbarger pulled into a safe parking space, and was approached by Officer Tyrel Lorenz who accused the Plaintiff of impeding traffic and advised him that his tail lights were not functioning properly.

14. Within minutes several other uniformed City of Crossville police officers approached the Plaintiff's vehicle. Included among these were the following: Officer Samantha Seay and Lt. Jonathan O'Neal. No citation was issued to the Plaintiff.

15. Mr. Wattenbarger left the traffic stop and immediately drove to a nearby automotive shop where the tail light malfunction was promptly repaired.

16. Mr. Wattenbarger replaced the banners on his trailer with new ones that read: "Stop Sexualizing Our Children", "What is a Woman" and "Make Noise For A Queer Free America", and drove back in the direction of the courthouse square where he parallel parked in spaces in front of the court house. He was again approached by the Crossville PD and this time told to move his truck. The Plaintiff immediately complied with this instruction.

17. Shortly thereafter, the Plaintiff was pulled over a second time by the Crossville PD at approximately 3:53 p.m. This time he was interrogated regarding an accusation

that he had tossed the carcass of a dead opossum onto the highway on Main Street in front of the Cumberland County Courthouse. The Plaintiff denied this accusation, but confided to the police officers that he knew the individual who had committed this offense.

18. The Plaintiff further inquired of the officers whether he was being charged with any criminal offense. At this point, he was ordered out of his vehicle, but was never advised of any criminal violation. He asked the officers to identify his accuser, and to advise him of what criminal laws he had allegedly violated. In response to his questions, Officer Joshua Mangas approached Lt. Jonathan O'Neal and told him that Mr. Wattenbarger was demanding facts and proof of these accusations. Lt. O'Neal responded: "I am taking his ass to jail."

19. Plaintiff later learned that he had been charged with violating Tenn. Code Ann. § 39-17-306 "Disrupting Meeting/Procession".

20. The criminal offense with which Mr. Wattenbarger was charged provides as follows:

> **Tenn. Code Ann. § 39-17-306. Meetings or processions; disruption**
>
> (a) A person commits an offense if, with the intent to prevent or disrupt a lawful meeting, procession, or gathering, the person substantially obstructs or interferes with the meeting, procession, or gathering by physical action or verbal utterance.
>
> (b) A violation of this section is a Class A misdemeanor.

21. Mr. Wattenbarger was placed under arrest, handcuffed and taken to the Cumberland County Sheriff's Department.

22. The Defendant's arrest of Mr. Wattenbarger was carried out pursuant to an official policy or practice of the Crossville City Police Department that was in effect at

the time, and at all times relevant, the police officers were acting under color of state law.

23. On October 30, 2024, General Sessions Judge Amanda M. Worley granted a motion by the Office of the District Attorney for the 13th Judicial District of Tennessee, requesting a Nolle Prosequi of the criminal warrant against Shane Wattenbarger. The grounds cited for the motion was "there is insufficient evidence to sustain a conviction" and that the charge should be dismissed. (A true and correct copy of this Order is attached hereto as **Exhibit A** and is incorporated herein by reference).

24. Mr. Wattenbarger's purpose in visiting the festival was to peacefully express his opposition to the message being presented of promotion of a homosexual and transgender culture and lifestyle.

25. Plaintiff alleges that his arrest and removal from this public forum was instigated because of the views he expressed concerning family, marriage and human sexuality, ran counter to the content and viewpoints expressed by UP-Pride. Such actions by the City of Crossville thus constitute content and viewpoint-based discrimination in violation of the Free Speech Clause of the First Amendment.

## V.
## Causes of Action

26. Plaintiff incorporates by reference herein the allegations contained in the preceding numbered paragraphs and does further allege as follows.

27. The actions of the Defendant City of Crossville, by arresting and physically removing the Plaintiff and restricting his access to the public courthouse square in downtown Crossville, and ultimately granting preference to another group to having access to this venue, were committed under color of law and constitute content-based

and viewpoint-based discrimination.

28. The actions of the Defendant were committed with careless or reckless disregard and deliberate indifference to the Plaintiff's clearly established constitutional rights of free speech and assembly as protected by the First Amendment of the United States Constitution.

29. The Cumberland County Courthouse and surrounding city sidewalks constitute a public forum and is "the public square" and historically and traditionally reserved for free speech activities.

30. Restricting or treating religious-oriented viewpoints differently, or according them less protection as a matter of policy is viewpoint discrimination. See *Good News Club v. Milford Cent. Sch.,* 533 U.S. 98, 110-11 (2001) (holding that "quintessentially religious" views cannot be excluded by claiming to forbid religion as a subject matter); *Rosenberger v. Rector & Visitors of Univ. of Va.,* 515 U.S. 819, 831 (1995)("Religion may be a vast area of inquiry, but it also provides, as it did here, a specific premise, a perspective, a standpoint from which a variety of subjects may be discussed and considered."); accord *Ne. Pa. Freethought Soc'y v. Cty. of Lackawanna Transit Sys.*, 938 F.3d 424, 437 (3d Cir. 2019).

31. The unwritten policy and practice of the Defendant the City of Crossville vests in its uniformed police officers broad power to discriminate against speech on the basis of the content and viewpoints expressed.

32. Nor is avoiding offense to gay, lesbian or transgender individuals an acceptable justification for viewpoint discrimination. See *Ne. Pa. Freethought Soc'y, 938 F.3d at 439; accord Matal v. Tam*, 137 S. Ct. 1744, 1763 (2017) (giving offense is a viewpoint).

*First Amended Complaint - 7*
Case 2:24-cv-00041    Document 22    Filed 06/05/25    Page 7 of 10 PageID #: 78

33. As a proximate result of the Defendant's actions, the Plaintiff has suffered embarrassment, humiliation, mental anguish and emotional injury for which he is entitled to an award of compensatory damages.

**Request for Relief**

*Declaratory Judgment*

1. An actual controversy exists between the parties as to whether the Defendants' policies, practices and customs with regard to their regulation of otherwise constitutionally protected free speech activity and assembly. Plaintiff alleges that the Defendant City of Crossville's policies, practices, customs and usage regarding control over access to its public grounds for purposes of free speech activity are enforced in an arbitrary manner and therefore violate the due process clause of the Fourteenth Amendment as well as the First Amendment. Plaintiff respectfully requests a declaratory judgment that the actions of the City of Crossville, Tennessee violate the federal constitutional rights of the Plaintiff.

*Nominal Damages*

2. Plaintiff seeks an order awarding nominal damages for the Defendant's violation of his federal constitutional rights.

*Compensatory Damages*

3. Plaintiff seeks an order awarding compensatory damages against the Defendant for violation of his federal constitutional rights in the amount of $2,000,000.00.

### *Attorney's Fees and Costs*

4. Plaintiff seeks an order awarding the costs of this cause, including attorney's fees, costs and expenses under 42 U.S.C. § 1988.

### *Jury Demand*

5. Plaintiff demands a jury of six to hear and try this case.

### *Other Relief*

6. Plaintiff additionally requests such other relief as the Court deems just and proper.

Respectfully submitted,

**CRAIN LAW GROUP, PLLC**

By:

*/s/ Larry L. Crain*
Larry L. Crain, Tenn.Sup. Crt. # 9040
CRAIN LAW GROUP, PLLC
5214 Maryland Way, Suite 402
Brentwood, TN 37027
Tel. (615) 376-2600
Email: Larry@crainlaw.legal

Emily A. Castro Tn. Supr. Crt. No. 28203

5214 Maryland Way
Suite 402
Brentwood, TN 37027
Tel. 615-376-2600
Fax. 615-345-6009
Email: Emily@crainlaw.legal

*Attorneys for the Plaintiff Wallace Shane Wattenbarger*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 5th day of June, 2025, a true and exact copy of the foregoing First Amended Complaint was served upon the person(s) listed below via the Court's ECF-Filing system:

Howard Upchurch, Esq.
3173 Main Street
P.O. Box 381
Pikeville, TN 37367

Daniel H. Rader, IV
Randall A. York
P. O. Box 3347
Cookeville, TN 38502
Phone: (931) 526-3311
Fax: (931) 526-3092
danny@moorerader.com
randyyork@moorerader.com

Attorneys for City of Crossville, Tennessee, Samantha Seay, Ethan Wilson, Tyrel Lorenz, Joshua Mangas and Jonathan O'Neal

                                                */s/ Larry L. Crain*
                                                Larry L. Crain