IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| WALLACE SHANE WATTENBARGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Case No. 2:24-cv-00041 |
| | ) |
| | ) JURY DEMAND |
| CITY OF CROSSVILLE, TENNESSEE, | ) |
| | ) Judge Waverly D. Crenshaw |
| | ) Magistrate Judge Alistair E. Newbern |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANT'S MOTION TO DISMISS**

Comes the Plaintiff, Wallace Shane Wattenbarger, by and through counsel, and files this response in opposition to the Motion to Dismiss filed by the Defendant City of Crossville, Tennessee.

**INTRODUCTION**

"Because courts favor trials on the merits, special care is taken to make certain that a party with a meritorious defense is not deprived of an adjudication because of counsel's failure to file a timely response [or timely serve a summons] . . .The dismissal of an action for an attorney's failure to comply is a harsh sanction which the court should order only in extreme situations showing 'a clear record of delay or contumacious conduct by the plaintiff.'" *Buck v. U.S. Dept. of Agriculture, Farmers Home Admin.*, 960 F.2d 603, 608 (6th Cir. Ohio 1992), (citing *Silas v. Sears, Roebuck & Co., Inc.,* 586 F.2d 382, 385 (5th Cir.1978).

## FACTS DEMONSTRATING GOOD CAUSE FOR DELAY OF SERVICE

Howard L. Upchurch was representing Mr. Wattenbarger in a criminal action pending before the General Sessions Court of Cumberland County, Tennessee following his arrest for the matters identified in the Complaint. (Decl. Howard L. Upchurch ¶ 2).

During this representation on the criminal case, Mr. Wattenbarger indicated a desire to bring an action against the City of Crossville for what he considered to be an unconstitutional and illegal arrest that occurred on June 10, 2023. (Decl. Howard L. Upchurch ¶ 2).

Mr. Upchurch advised Mr. Wattenbarger that he did not have sufficient time to pursue such an action in light of his pending trial schedule over the next twelve (12) months, and that he normally referred such actions (which he referred to as "civil rights actions") to another attorney who routinely filed such actions. (Decl. Howard L. Upchurch ¶ 3).

At Mr. Wattenbarger's request, Mr. Upchurch contacted Neil Pinkston, the former District Attorney General in the Eleventh Judicial District, to inquire about his availability to meet with Mr. Wattenbarger and to determine whether he would have an interest in filing a civil rights action on behalf of Mr. Wattenbarger. He agreed to meet with Mr. Wattenbarger, and Mr. Pinkston, Mr. Wattenbarger and Mr. Upchurch then met on two (2) occasions at Mr. Upchurch's office to discuss in detail a proposed action against the City of Crossville. Mr. Pinkston also agreed to participate in the criminal trial to secure additional background information from the charging officers at a preliminary hearing or a trial on the merits. (Decl. Howard L. Upchurch ¶ 4).

Mr. Pinkston then prepared a Complaint for filing in the United States District Court for the Eastern District of Tennessee. When Mr. Upchurch explained to Mr. Pinkston that the filing would have to be in the Middle District, he indicated that he had not been admitted to practice in the Middle District and asked if the Complaint could be filed in Mr. Upchurch's name since he

had been admitted to practice both in the Eastern District and Middle District. Mr. Upchurch agreed, and Mr. Pinkston then prepared the Complaint and the necessary Civil Summons. They were emailed to Mr. Upchurch's office and then filed by his office with the District Court Clerk. (Decl. Howard L. Upchurch ¶ 5).

After the Complaint was filed and the necessary Civil Summons were issued for the Defendants, the Complaint and Summons were returned to Mr. Pinkston for service. Mr. Upchurch provided Mr. Pinkston with the name of the process server he routinely used (Josh Jordan) and assumed that Mr. Pinkston would secure service upon the Defendants accordingly. (Decl. Howard L. Upchurch ¶ 6).

After the Initial Case Management Conference was cancelled based upon the lack of service of process upon the Defendants, Mr. Upchurch immediately communicated Mr. Pinkston to inquire about the service on the Defendants, and he believed that service had in fact been secured upon the Defendants. Subsequent to this conversation, an additional Order was entered cancelling yet another Initial Case Management Conference based upon the lack of service of process. Mr. Pinkston and Mr. Upchurch had essentially had the same conversation at that time, and he believed that service had in fact been secured upon the Defendants. (Decl. Howard L. Upchurch ¶ 7).

Mr. Wattenbarger then contacted Mr. Upchurch in late April of 2025 and indicated that he had reached out to the District Court Clerk's Office to inquire about the status of this action. He was told that the Clerk's file did not contain any evidence of service of process upon the Defendants. Mr. Upchurch confirmed this and then contracted the private process server, Josh Jordan, to determine when he had in fact served the Defendants and why the returns had not been filed with the Court (or delivered to Mr. Upchurch's office for filing with the Court). Mr. Jordan advised Mr. Upchurch that he had not served the Defendants, nor had he received a request from

3

Mr. Pinkston to serve the Defendants. Mr. Upchurch immediately then secured the necessary Summons and employed Mr. Jordan to serve the Defendants, after learning that service had not been perfected upon the Defendants. Mr. Jordan then personally served all Defendants and/or their representatives and the Returns were filed electronically with the District Court Clerk. (Decl. Howard L. Upchurch ¶ 8).

**ARGUMENT**

Where the plaintiff has failed to comply with the 90-day window for service and demonstrated good cause for the failure, the court must grant a mandatory extension of time. *Stewart v. Tenn. Valley Auth.*, 238 F.3d 424, 2000 WL 1785749, at *1 (6th Cir. 2000) (table opinion). If the plaintiff has not demonstrated good cause, the court must exercise its discretion to determine whether dismissal without prejudice or an extension of the time to complete service is more appropriate. *Tanksley v. Tenn. Valley Auth.*, No. 1:16-CV- 487, 2017 WL 6391473, at *3 (E.D. Tenn. Dec. 14, 2017) (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). Additionally, the court may retroactively extend the time for service. *Id. Kiser v. United States*, No. 2:21-CV-40, 2021 WL 6338657, at *1 (E.D. Tenn. July 9, 2021).

The plaintiff bears the burden of establishing good cause, which "necessitates a demonstration of why service was not made within the time constraints." *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (quoting *Habib v. General Motors Corp.,* 15 F.3d 72, 73 (6th Cir. 1994)). Generally, "good cause" means "a reasonable, diligent effort to timely effect service of process." *Pearison v. Pinkerton's Inc.*, 90 Fed. Appx 811, 813 (6th Cir. 2004). *See also Johnson v. Smith,* 835 Fed. Appx. 114, 2021 WL 289316 at * 1 (6th Cir. Jan. 28, 2021). The Sixth Circuit has also suggested that a plaintiff may meet this burden by offering an explanation equivalent to "at least as much as would be required to show excusable neglect," though "simple

inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992) (quoting *Winters v. Teledyne Movable Offshore, Inc.*, 776 F.2d 1304, 1305 (5th Cir. 1985)). Finally, some courts have found that "extraordinary circumstances may give rise to good cause excusing untimely service." *Powell v. Med. Dep't Cuyahoga Cty. Corr. Ctr.*, 2018 WL 3241243 at *2 (N.D. Ohio July 3, 2018) (citing *Habib*, 15 F.3d at 73 (finding good cause where a seriously ill *pro se* plaintiff made a good faith effort to perfect service)). *Viola v. Ohio Att'y Gen.,* No. 1:20CV765, 2021 WL 510746, at *15 (N.D. Ohio Feb. 11, 2021).

A court may extend a filing deadline retroactively. *See, e.g., Clawson* and *Freeze-Dry Products*, above; *see also Whiting v. Labat-Anderson, Inc.*, 926 F. Supp. 2d 106, 108 (D. D.C. 2013) (retroactively extending deadline for response to motion for summary judgment); *Gordon v. TBS Retail Grp., Inc.*, No. 2:14-cv-03365-DCN, 2020 WL 5877065, at *3 (D.S.C. Oct. 2, 2020) (granting motion for retroactive extension of time to file individual actions following decertification of class); *Tanksley v. Tennessee Valley Auth.*,No. 1:16-CV-487-TAV-SKL, 017 WL 6391473, at *6 (E.D. Tenn. Dec. 14, 2017)(court exercised discretion to retroactively accept service of process made outside extension of time granted by magistrate judge); *Duncan v. Western Reg'l Jail*, No. 3:16-cv-11097, 2018 WL 3795264, at *3 (S.D. W.Va. Aug. 9, 2018) (court ordered deadline for responses to requests for admissions retroactively extended). *Dowell v. Bernhardt*, No. 3:19-CV-00105, 2020 WL 13644368, at *3 (M.D. Tenn. Dec. 1, 2020).

Even without good cause, a district court may exercise its discretion to enlarge the time by which service can be perfected. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment ("The new subdivision. . .authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.");*e.g.*, *Warrior Imports, Inc.*

*v. 2 Crave,* 317 F.R.D. 66 at 70(N.D. Ohio 2016); *Tanksley v. Tennessee Valey Authority*, 2017 WL 6391473, at*6(E.D. Tenn. Dec. 14, 2017); *see also Henderson v. United States*, 517 U.S. 654, 662-63 (1996) (noting, in *dicta*, that courts may discretionarily enlarge the time for service even without good cause); *Dunham-Kiely v. United States*, No. 8-114, 2010 WL 1882119, at *3 (E.D. Tenn. May 11, 2010) ("Most courts of appeal also recognize that Rule 4(m) gives district courts the discretion to allow a case to go forward in the absence of 'good cause.'... Courts within the Sixth Circuit also agree.") (citations omitted). *Caimona v. Ohio Civ. Serv. Emps. Ass'n*, No. 4:18CV785, 2018 WL 6386023, at *5 (N.D. Ohio Dec. 6, 2018).

Rule 4(m) requires a court to undertake a two-part analysis. First, the court must determine whether the plaintiff has shown good cause for the failure to effect service. *Stewart v. Tennessee Valley Auth.*, 238 F.3d 424 (6th Cir. 2000). Then, if the plaintiff establishes good cause, the court must "extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). *See also Warrior Imports, Inc. v. 2 Crave*, 317 F.R.D. 66, 69 (N.D. Ohio 2016). However, if the plaintiff is unable to establish good cause, the court must either (1) dismiss the action without prejudice, or (2) direct that service be perfected within a specified time. *Stewart*, 238 F.3d at 424 (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)); *see also Workman v. Univ. of Akron,* No. 5:16-CV-156, 2017 WL 1113332, at *1(N.D. Ohio Mar. 24, 2017); *Tanksley v. Tennessee Valley Auth.*, 2017 WL 6391473, at *3 (E.D. Tenn. Dec. 14, 2017). But to justify the extension of time to facilitate service, a plaintiff bears the burden of establishing good cause for the failure to serve the defendants within the 90-day timeframe. *Id.* Again, generally, good cause means a "reasonable, diligent effort to timely effect service of process." *Pearison v. Pinkerton's Inc.*, 90 F. App'x 811, 813 (6th Cir. 2004). Lack of prejudice or actual notice, or ignorance of the rules, are insufficient to show good cause. *Johnson v. Smith*, 835 F. App'x 114, 115 (6th Cir. 2021). Absent a showing

of good cause to justify the failure, the Federal Rules of Civil Procedure compel dismissal. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). *LaShawn v. Aarupiyu Homes LLC*, No. 1:24-CV-00257-DCN, 2024 WL 3927043, at *2 (N.D. Ohio July 26, 2024), report and recommendation adopted, No. 1:24 CV 257, 2024 WL 3926938 (N.D. Ohio Aug. 23, 2024).

If a plaintiff does show good cause for the failure to timely effect service of process, then Rule 4(m) mandates an extension of time for service. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) ("Establishing good cause is the responsibility of the party opposing the motion to dismiss ... and 'necessitates a demonstration of why service was not made within the time constraints.'") (quoting *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994)). Which means "[t]o carry this burden, the plaintiff must offer an explanation equivalent to 'at least as much as would be required to show excusable neglect,' though 'simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Tanksley*, 2017WL 6391473 at *5 (quoting *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992) (additional internal quotation omitted)). *Delozier v. Jacobs Eng'g Grp., Inc.,* No. 3:19-CV-451-TAV-HBG, 2021 WL 1538787, at *23 (E.D. Tenn. Feb. 19, 2021), report and recommendation adopted, No. 3:19-CV-451-TAV-HBG, 2021 WL 1176047 (E.D. Tenn. Mar. 29, 2021).

The Court has authority to extend the time for service without a showing of good cause. *See Henderson v. United States*, 517 U.S. 654, 662 (1996); Advisory Committee's Notes on Fed. R. Civ. P. 4, 1993 Amendment, Subdivision (m) ("The new subdivision... authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown ... Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service."). Courts in this District have turned to "a non-binding, five-factor test to determine

whether an extension of time is warranted." *Tanksley*, 2017 WL 6391473 at *6 (finding no good cause for plaintiff's delay but granting a discretionary extension); *Treadway v. Cal. Prods. Corp.*, 2013 WL 6078637, *6 (E.D. Tenn. Nov. 19, 2013) (same). The factors are: (1) whether a significant extension is required; (2) whether an extension would actually prejudice the defendant; (3) whether the defendant had actual notice of the lawsuit; (4) whether dismissal of the complaint without prejudice would substantially prejudice the plaintiff (by, *e.g.*, rendering the suit time-barred); and (5) whether the plaintiff made a diligent, good faith effort to effect proper service of process. *Id. Delozier v. Jacobs Eng'g Grp., Inc.,* No. 3:19-CV-451-TAV-HBG, 2021 WL 1538787, at *24 (E.D. Tenn. Feb. 19, 2021), report and recommendation adopted, No. 3:19-CV-451-TAV-HBG, 2021 WL 1176047 (E.D. Tenn. Mar. 29, 2021).

In *Delozier v. Jacobs Eng'g Grp., Inc.,* "the Court [did] not find that an extension 'would cause actual prejudice to the defendant[,] other than the inherent 'prejudice' in having to defend the lawsuit.'" *Id.* at *8 (quoting *Treadway*, 2013 WL 6078637, at *5). *Delozier v. Jacobs Eng'g Grp., Inc.,* No. 3:19-CV-451-TAV-HBG, 2021 WL 1538787, at *24 (E.D. Tenn. Feb. 19, 2021), report and recommendation adopted, No. 3:19-CV-451-TAV-HBG, 2021 WL 1176047 (E.D. Tenn. Mar. 29, 2021).

In *Becker v. Singh*, No. 2:20-CV-220, 2020 WL 1969290, (S.D. Ohio Apr. 24, 2020); the Court found that it had discretion, even in the absence of a good cause showing, to extend the 90-day deadline for service of process. *John W. Stone Oil Distributor, LLC v. PBI Bank, Inc.*, 2010 WL 3221800, at *2 (W.W. Ky.2010)(finding the court has discretion to expand the Rule 4(m) deadline);

Likewise, in *Caimona v. Ohio Civil Service Employees Association*, 2018 WL 6386023, at *5–6 (N.D.Ohio 2018), the court recognized that even without good cause, a district court may

exercise its discretion to enlarge the time by which service can be perfected.8 Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment ("The new subdivision ... authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown."); e.g., *Warrior Imports, Inc. v. 2 Crave,* 317 F.R.D. 66 at 70(N.D. Ohio 2016); *Tanksley v. Tennessee Valley Authority,* No. 16-487, 2017 WL 6391473, at *6 (E.D. Tenn. Dec. 14, 2017); see also *Henderson v. United States*, 517 U.S. 654, 662-63 (1996) (noting, in dicta, that courts may discretionarily enlarge the time for service even without good cause); *Dunham-Kiely v. United States*, No. 8-114, 2010 WL 1882119, at *3 (E.D. Tenn. May 11, 2010) ("Most courts of appeal also recognize that Rule 4(m) gives district courts the discretion to allow a case to go forward in the absence of 'good cause.'... Courts within the Sixth Circuit also agree.") (citations omitted). In determining whether to exercise this discretion, courts consider the following factors, which generally mitigate in favor of the Plaintiff in this case:

> (1) whether a significant extension of time was required;
>
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
>
> (3) whether the defendant had actual notice of the lawsuit;
>
> (4) whether a dismissal without prejudice would substantially prejudice the plaintiff[;] and
>
> (5) whether the plaintiff had made any good faith efforts at effecting proper service of process.
>
> *Caimona*, 2018 WL 6423441, at *5, 2018 U.S Dist. LEXIS 206184 at *12

Balancing these factors, the Plaintiff would be severely more prejudiced than the Defendant by granting a retroactive extension for service of the summons in this case. The failure to timely serve the summons in this case arose through no fault of the Plaintiff, but from a

9

miscommunication between Plaintiff's counsel, Howard Upchurch and outside counsel, Niel Pinkston, Esq., whom he mistakenly relied upon to effect service of the summons. Upon his discovery of that Mr. Pinkston had not served the summons, Mr. Upchurch acted promptly to obtain the necessary service upon the Defendants. Mr. Wattenbarger should not suffer a dismissal of his case on its merits due to the excusable neglect and oversight of his attorney.

In *Caimona v. Ohio Civ. Serv. Emps. Ass'n*, the Court considered the Sixth Circuit's preference to resolve cases on the merits, relying on *Buck v. U.S. Dep't of Agric., Farmers Home Admin.*, 960 F.2d 603, 607 (6th Cir. 1992) and *Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216, 218 (S.D. Ohio 2000).

Under the Tennessee Rules, "[i]f a plaintiff or counsel for plaintiff ... intentionally causes delay of prompt issuance of summons or prompt service of a summons, filing of the complaint ... is ineffective." Tenn. R. Civ. Proc. 4.01(3). Therefore, if the original complaint is deemed ineffective and the applicable statute of limitations has run, the plaintiff's complaint "must be dismissed as time-barred." *Jones v. Vasu,* 326 S.W.3d 577, 581(Tenn.Ct.App.2010). In applying this rule, Tennessee courts have made clear that "it is the *intent* to withhold service of process that is the test." *Id.* at 581 (emphasis added). The courts have also consistently rejected any excuses for delay, holding that "an intentional delay under [4.01(3)] mandates a conclusion that the original complaint was not effectively filed." *Jones v. Cox,* 316 S.W.3d 616, 621 (Tenn.Ct.App.2008)(service delayed awaiting resolution of underlying case for legal malpractice claim); *see also Vasu,* 326 S.W.3d at 581(service of process delayed "in order to obtain an expert opinion to support the medical malpractice claim"); *Estate of Butler v. Lamplighter Apartments,* 278 S.W.3d 321, 323 (Tenn.Ct.App.2008)(delaying service of process in hopes of

settling case). *Pence v. TMNO Healthcare, LLC,* No. 13-1199, 2013 WL 5550862, at *2 (W.D. Tenn. Oct. 8, 2013).

In *Pence v. TMNO Healthcare, LLC*, the Court was unpersuaded that Tennessee law "clearly dictates a result in their favor." *Grover,* 33 F.3d at 719. It was unclear whether Tennessee Courts would deem an inference, albeit compelling, of intentional delay under Rule 4.01(3) sufficient to render a complaint ineffective. While TMNO Healthcare, LLC cited *Jones v. Cox* in support of their argument, the Court in *Pence* found this case readily distinguishable. In *Cox,* the attorney *admitted* to delaying serving process on defendant for around nine months. 316 S.W.3d at 619–620. In *Pence*, however, Plaintiffs' counsel made no such admission, and Defendant cited no authority permitting inferential intent. *See, e.g., Vasu,* 326S.W.3d at 578, 581 (holding the filing of the complaint ineffective due to counsel's *admitted* delay of eleven months); *Estate of Butler,* 278 S.W.3d at 323 ("Plaintiff's counsel *admitted* that she made a conscious, voluntary decision to prevent service of process.") Therefore, the Court in *Pence* found that dismissal of the case without prejudice would not cause the Defendant to suffer plain legal prejudice by losing an absolute defense. *Pence v. TMNO Healthcare, LLC*, No. 13-1199, 2013 WL 5550862, at *3 (W.D. Tenn. Oct. 8, 2013).

## CONCLUSION

Given the clear preference within the Sixth Circuit for cases to be resolved on their merits, and the balancing of relative prejudice or harm arising from a dismissal on the merits of this case, the Plaintiff respectfully requests that the Court exercise its discretion to extend the time for service upon the Defendant City of Crossville.

Respectfully submitted,

**CRAIN LAW GROUP, PLLC**

By:
 */s/ Larry L. Crain*
Larry L. Crain, Tenn.Sup. Crt. # 9040
CRAIN LAW GROUP, PLLC
5214 Maryland Way, Suite 402
Brentwood, TN 37027
(615) 376-2600
Larry@Crainlaw.legal

*Attorney for the Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 14th day of July 2025, a true and exact copy of the foregoing Plaintiff's Response in Opposition to Defendant's Motion to Dismiss was served upon the person(s) listed below via the Court's ECF-Filing system:

Howard Upchurch, Esq.
3173 Main Street
P.O. Box 381
Pikeville, TN 37367

Daniel H. Rader, IV
Randall A. York
P. O. Box 3347
Cookeville, TN 38502
Phone: (931) 526-3311
Fax: (931) 526-3092
danny@moorerader.com
randyyork@moorerader.com

Attorneys for City of Crossville, Tennessee, Samantha Seay, Ethan Wilson, Tyrel Lorenz, Joshua Mangas and Jonathan O'Neal

 */s Larry L. Crain*
 Larry L. Crain