UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

| WALLACE SHANE WATTENBARGER, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 2:24-cv-00041 |
| CITY OF CROSSVILLE, TENNESSEE, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

"Queers stay away from our children. You're ruining America." That was one of several messages Wattenbarger displayed on banners affixed to his truck and horse trailer as he drove through a pride festival in Crossville, Tennessee in June 2023. Others included "Stop Sexualizing Our Children," "What is a Woman," and "Make Noise For A Queer Free America." Whatever one thinks of that sentiment, the First Amendment protects speech on matters of public concern. Wattenbarger had the right to express it. The question under the City's motion to dismiss (Doc. No. 27) is whether the City violated that right when it arrested Wattenbarger, not for that expression, but for parallel parking his pickup truck and horse trailer across multiple spaces in front of the courthouse where the festival was being held. The motion under Rules 12(b)(5) and 12(b)(6) is ripe for decision.

I.  **FACTUAL BACKGROUND**[1]

In June 2023, the City of Crossville permitted a nonprofit organization to hold a pride festival on the public square surrounding the Cumberland County courthouse.  (FAC ¶¶ 6-10). During the festival, Wattenbarger drove his pickup truck and horse trailer around the courthouse square, displaying the banners described above.  (Id. ¶¶ 11-12).  Police stopped him for impeding traffic, and noted his taillights were malfunctioning, but did not issue a citation.  (Id. ¶¶ 13-14). Wattenbarger left, repaired the taillights, affixed new banners to the trailer, and drove back.  (Id. ¶¶ 15-16).  This time, he parallel parked the truck and horse trailer across multiple spaces directly in front of the courthouse where the festival was being held.  (Id. ¶ 16).  Officers told him to move; he complied.  (Id.).  Shortly after, officers stopped him again, arrested him, and charged him with disrupting a meeting.[2]  (Id. ¶¶ 17-21).  The state later dropped the charge on its own motion. (Id. ¶ 23).

II.  **LEGAL STANDARD**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Venema v. West, 133 F.4th 625, 632 (6th Cir. 2025) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (quoting Iqbal, 556 U.S. at 678).  When determining whether the complaint meets this standard, the Court must

---

[1] Unless noted otherwise, the Court draws the facts in this section from the First Amended Complaint ("FAC") (Doc. No. 22) and assumes the truth of the allegations for purposes of ruling on the motion.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

[2] Tenn. Code Ann. § 39-17-306(a) makes it a misdemeanor offense for a person to "substantially obstruct[] or interfere[]" with a lawful "meeting, procession, or gathering by physical action or verbal utterance."

accept the complaint's factual allegations as true, draw all reasonable inferences in the plaintiff's favor, and "take all of those facts and inferences and determine whether they plausibly give rise to an entitlement to relief." Doe v. Baum, 903 F.3d 575, 581 (6th Cir. 2018).

## III. ANALYSIS

Wattenbarger sues the City under Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658 (1978) seeking $2 million for his arrest that he contends was based on some unidentified "unwritten policy and practice" of the City to allow its officers "broad power to discriminate against speech on the basis of the content and viewpoints expressed." (FAC ¶¶ 22, 31). The City moves to dismiss on two grounds: that the statute of limitations bars the claim, and that the FAC fails to state a Monell claim. (Doc. No. 28). In response Wattenbarger addressed only the statute of limitations issue. (Doc. No. 34). Because Wattenbarger failed to respond to the City's Monell argument, the Court treats that point as conceded. See Doe v. Bredesen, 507 F.3d 998, 1007-08 (6th Cir. 2007) (affirming the district court's conclusion that the plaintiff abandoned certain claims by failing to raise them in his brief opposing motion to dismiss); Fudge v. Love's Travel Stops & Country Stores, Inc., 745 F. Supp. 3d 622, 625 (M.D. Tenn. 2024) ("Plaintiffs make no reference to . . . the crux of [d]efendants' argument . . . and, by failing to do so, doom their claim.").

Even setting that aside, the Court finds Wattenbarger's allegations woefully insufficient to state a Monell claim. "A municipality is only liable under § 1983 if the plaintiff demonstrates that the injury suffered was a direct result of the city's official policy or custom." Wiley v. City of Columbus, Ohio, 36 F.4th 661, 670 (6th Cir. 2022) (internal quotations and citation omitted). Read generously, the FAC does not allege an unconstitutional policy. It does not even allege that the City has a custom of selectively enforcing neutral statutes to impair free speech. It alleges that the City has an "unwritten policy and practice" that "vests" its officers with "broad power" that the officers then use "to discriminate against speech on the basis of the content and viewpoints

expressed." (FAC ¶¶ 22, 31). That allegation amounts to little more than an assertion that the City's officers have discretion to enforce the code. Of course they do. That's their job. From that unremarkable position, Wattenbarger asks the reader to infer a broader municipal custom of using enforcement authority to suppress disfavored expression, when there are no allegations that the statute here was selectively used against him. Suffice it to say, that inference is not plausible.

Dismissal with prejudice is warranted. Wattenbarger has already amended once. The City put him on notice of the Monell deficiency, and he chose not to respond. And more to the point, further amendment would be futile. The Court cannot conceive of any set of facts that could link the officers' enforcement of a neutral statute against Wattenbarger—unrelated to his expression—to some broader custom or practice of the officers to selectively enforce the law to impair free speech rights, based on nothing more than the authority they are vested with. Cline v. Rogers, 87 F.3d 176, 179 (6th Cir. 1996) (finding that dismissal with prejudice is warranted where the plaintiff can "prove no set of facts that would entitle him to relief").

Because the Court dismisses on Monell grounds, the Court need not reach the parties' dispute over the statute of limitations.

## IV. CONCLUSION

"As a Nation we have chosen a different course—to protect even hurtful speech on public issues to ensure that we do not stifle public debate." Snyder v. Phelps, 562 U.S. 443, 461 (2011). That principle applies to Wattenbarger with full force. But his allegations simply do not amount to a municipal custom of selectively enforcing the code to impair speech, let alone his.

The motion to dismiss (Doc. No. 27) is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**. The clerk shall close the file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE